# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

RECEIVED BY MAIL
FEB 27 2006
CLERK, US DIST. COURT
ST. PAUL, MN

No. 03-2862/3494

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Raymond Damon Smith, | * | CR 01-267 JMR/FLN |
| also known as "Cap", | * | |
| | * | |
| Appellant. | * | |

Submitted: August 29, 2005
Filed: December 5, 2005

Before SMITH, BEAM, and COLLOTON, Circuit Judges.

SMITH, Circuit Judge.

This case is back before this court after the Supreme Court granted Raymond Damon Smith's petition for certiorari, vacated our earlier judgment in his case, and remanded for further consideration in light of *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, (2005). In an opinion filed on August 4, 2004, we affirmed Smith's conviction and sentence, rejecting Smith's arguments that his trial counsel provided

SCANNED
FEB 27 2006
U.S. DISTRICT COURT ST. PAUL

ineffective assistance and that the district court[1] erred in its denial of his request for a new trial. *United States v. Smith*, 378 F.3d 754 (8th Cir. 2004).

Upon remand, this court ordered the parties to submit supplemental briefs addressing the impact of *Booker* on Smith's sentence. After review of those briefs, we conclude that Smith is not entitled to relief because his pro se pleading did not preserve the claimed Sixth Amendment error under *Booker*, and he has not shown plain error in the sentence imposed. For this reason and the reasons set forth below, we reinstate our previous judgment and again affirm Smith's sentence.

I.

First, Smith argues that the district court committed Sixth Amendment error by enhancing his sentence based on facts not found by the jury. Specifically, Smith states that the district court erred in calculating his drug quantity. In support of this argument, Smith states that the jury, in Count 1, found that the crime involved ". . . 50 grams or more of a mixture and substance containing a detectable amount of crack cocaine." The jury also found that Count 2 involved 10 grams or more of a mixture or substance containing a detectable amount of crack cocaine. Despite this, the Presentence Investigation Report ("PSR") stated that Smith's actions involved 1.9 kilograms of crack cocaine. The district court adopted this conclusion from the PSR and sentenced Smith accordingly. Smith states that the jury found guilt involving at least 50 grams of crack cocaine and never provided a definitive number above that, and thus, it was error for the district court to find him responsible for 1.9 kilograms of crack cocaine.

The government responds by stating that Smith did not object to the PSR drug quantity statement. We note that Smith, at sentencing, did make a sufficiency of the

---

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

evidence objection to the PSR drug quantity but made no objection based upon a Sixth Amendment challenge to the Sentencing Guidelines. The district court, based upon trial evidence, found Smith responsible for the 1.9 kilograms of crack cocaine alleged in the PSR.

"A district court's findings of fact regarding the quantity of drugs attributed to the defendant is reviewed for clear error." *United States v. Carpenter*, 422 F.3d 738, 748 (8th Cir. 2005) (citing *United States v. Maggard*, 156 F.3d 843, 848 (8th Cir. 1999)). The drug quantity attributable to the defendant is determined by a preponderance of the evidence, and the district court makes credibility decisions in the process. *Id.* (citing *United States v. Johnston*, 353 F.3d 617, 625 (8th Cir. 2003)). In this case, the district court heard all of the evidence presented at trial, including the testimony of the chemist who tested and weighed the drugs at issue and found that there was no question that Smith was responsible for 1.9 kilograms of crack cocaine. We find no clear error in the district court's reliance on trial testimony and its credibility findings in the determination of drug quantity.

II.

Second, Smith argues that he is entitled to resentencing because the district court applied the Sentencing Guidelines as mandatory. According to Smith, this court should apply a harmless error analysis to his *Booker* claim because he raised the issue of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in a pro se pretrial motion, which specifically discussed the issue of drug quantity. Therefore, Smith urges that this issue should be considered preserved for purposes of this appeal. In the alternative, if this court determines that a plain error analysis applies, Smith maintains that this case should still be remanded for re-sentencing.

Smith asserts that the district court failed to follow the intent of Congress in imposing his sentence, and his sentence as imposed is unreasonable. Although the provisions of the Sentencing Guidelines are no longer mandatory, Smith claims that

the district court is still expected to give effect to Congressional intent. Consequently, in this case, where one can only be certain that the jury found that the defendant's actions involved 50 grams or more of crack cocaine, Smith posits that he cannot be put in an offense level greater than the 50 gram to 150 gram level. This would give Smith an offense level of 32, which recommends a sentence of between 168 and 210 months at a criminal history category IV. Thus, Smith contends that his right to liberty is substantially affected because the district court applied a sentence of 400 months, which is 190 months more than Congress intended him to receive.

The government contends that Smith's pro se motion at his suppression hearing did not relate to sentencing; it only sought to dismiss the indictment, claiming that the indictment violated *Apprendi*. The government argues that Smith made no challenge to the Sentencing Guidelines or the district court's sentencing authority to apply the Sentencing Guidelines under the Sixth Amendment, either at sentencing or any other time. The government argues in its brief that "the mere incantation of the name *Apprendi*" does not suffice under *Pirani* to remove this case from plain error review. *See United States v. Pirani*, 406 F.3d 543 (8th Cir. 2005) (holding that if *Booker* error is not preserved, the sentence is reviewed for plain error).

We must first determine if Smith's pro se motion preserved error under *Booker*. We find that it did not. Smith filed a pro se motion for dismissal of Count 1 of the indictment pursuant to *Apprendi*. However, this pro se motion did not challenge the constitutionality of the Sentencing Guidelines or raise any Sixth Amendment violation. "To have preserved a Sixth Amendment claim of sentencing error for appellate review, [Smith] would have had to request at trial that the question of [specific drug quantity] be submitted to the jury, argue that the guidelines were unconstitutional, or contend that the sentencing procedures violated *Blakely* or *Apprendi* . . . Sixth Amendment objections not made during trial or at sentencing have been forfeited." *United States v. Mooney*, ___ F.3d ___, 2005 WL 2483882, *9 (8th Cir. Oct. 10, 2005) (en banc) (citing *Pirani*, 406 F.3d at 549). Moreover, "[o]nly those

arguments which particularly and unmistakably invoke the defendant's constitutional rights are preserved as a *Booker* claim." *Id.* As Smith did not raise any objection to his sentence that would preserve error under *Booker*, we will review only for plain error.

Plain error review is governed by the four-part test enumerated in *United States v. Olano*, 507 U.S. 725, 732–36, 113 S. Ct. 1770 (1993). To establish plain error, Smith must show the following: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three of these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 466–67, 117 S. Ct. 1544 (1997); *Pirani*, 406 F.3d at 550. Smith has the burden to prove plain error. *United States v. Hagan*, 412 F.3d 887, 892 (8th Cir. 2005). The first two factors are satisfied; the district court committed *Booker* error by applying the Guidelines as mandatory, and the error is now plain. *Pirani*, 406 F.3d at 550.

To prove the third factor, Smith must demonstrate that there is a "reasonable probability that, but for *Booker* error, [he] would have received a more favorable sentence under an advisory guidelines regime." *United States v. Thorn*, 413 F.3d 820 (8th Cir. 2005) (quoting *Pirani*, 406 F.3d at 553). We have reviewed the sentencing transcript, and the record gives no indication that the district court would have given Smith a lesser sentence if it realized that the Sentencing Guidelines were advisory. In fact, at sentencing, the district court stated that "it appears to me to sentence you, that it's appropriate to sentence you at the level and within the range that I have directed. 360 to life is a range which exceeds 24 months, and I have chosen to add from 360 a mere 40 more months, which takes you to 400. And, sir, that is the sentence which I believe is appropriate and compliant with the United States Congress's directive at 18 United States Code 3553(a)." Supp. Appx. at 34. Because Smith has not demonstrated that the district court's error affected a substantial right, we need not proceed to the

fourth plain error factor. *Thorn*, 413 F.3d at 824. As such, Smith is not entitled to plain error relief from his pre-*Booker* sentence.

III.

For the above-mentioned reasons, this court reaffirms Smith's conviction and sentence, and our judgment in *United States v. Smith*, 378 F.3d 754 (8th Cir. 2005) is ordered reinstated.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans