# United States District Court
# For The District of Minnesota

Civil 07-1324 JMR

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>RAYMOND DAMON SMITH,<br>BOP Prisoner #20827-112<br>Defendant. | **Case: 0:01-cr-00267-JMR-FLN**<br><br>**MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 USC §2255** |

PLACE OF CONFINEMENT: Federal Correctional Complex #2, Victorville, PO Box 5700, Adelanto, CA 92301.

The Defendant, Raymond Damon Smith, (the "Defendant" or "Mr. Smith") by and through his attorney of record, David J. Chapman, of the Chapman Law Firm, hereby petitions this Court to grant the Defendant's Motion to Vacate, Set Aside, or Correct Sentence for all of the legal reasons set forth herein.

## EXPANSION OF THE RECORD

1. The Defendant requests that following examination of this Motion that the Court Order that an evidentiary hearing be held on the allegations contained herein, and that the Court Order that pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings For the United States District Courts, the Defendant will be permitted to expand the record with new evidence. The Defendant wishes to subpoena further telephone and other records that will show his innocence and also will show that he was denied effective assistance of counsel and requests the issuance of subpoenas and time to gather evidence prior to a hearing. Supplementation of the record is important to the Defendant's presentation of the case and is in the interests of justice. The Defendant requests that ten (10) blank subpoenas be issued by the Court to allow the Defendant to secure telephone tolls and other records needed to supplement the record.

The Defendant also requests the Court allow an expansion of the character limit in briefs and allow the Defendant to submit a supplemental memorandum of law on counts II & III.



SCANNED
FEB 26 2007
U.S. DISTRICT COURT ST. PAUL

## COURT OF JUDGMENT

2. **Name and location of court which entered the judgment of conviction under attack:** Judgment of conviction was entered against the Defendant in the United States District Court for the District of Minnesota.

3. **Date of Judgment of Conviction:** The Defendant was convicted on October 10, 2002. Sentencing was held on July 11, 2003, and the Judgment in a Criminal Case was entered on July 17, 2002. After a series of appeals and petitions to the United States Supreme Court, final Judgment was entered and filed in the U.S. District Court for the District of Minnesota on ***February 27, 2006***.

4. **Length of sentence:** The Defendant was sentenced to 400 months imprisonment in the custody of the Bureau of Prisons. He was also sentenced to 5 years of supervised release at the conclusion of his sentence, and was not required to pay a fine based on his inability to pay. The Defendant was sentenced for conviction on both counts of the Indictment at the same time and in this court.

5. **Nature of the offense involved:** Count one charged the Petitioner with Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine Base and Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 18 U.S.C. § 3237. Count two of the indictment charged the Petitioner with Attempt to Possess with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 18 U.S.C. §§ 2 and 3237.

6. **Defendant's Plea:** NOT GUILTY. The Defendant was convicted at trial.

7. **Type of trial:** The Defendant had a jury trial.

8. **Whether the Defendant testified at trial:** The Defendant did not testify at trial.

9. **Appeal:** There were two initial Notices of Appeal filed. The first was from the Judgment and Sentence. It was filed on July 17, 2003, with the United States District Court for the District of Minnesota appealing the case to the United States Court of Appeals for the Eighth Circuit. The Docket Number in the case before the US Court of Appeals is 03-2862. The Eighth Circuit affirmed the case in all respects, *See United States of America v. Raymond Damon Smith*, 378 F.3d. 754 (2004), but did not address the issue of ineffective assistance of counsel, instead allowing the Defendant to file a 28 U.S.C. §2255 action on that specific issue. *Id.* At 755. The Court specifically stated that although it affirmed the sentence and conviction, it did so without prejudice to Raymond Smith's ability to bring his ineffective assistance of counsel claim at a later date. *Id.* At 756. Judgment was entered on October 12, 2004.

The second Notice of Appeal dealt with the denial by the US District Court of motions filed by the Defendant. This second notice was filed on October 3, 2003, and was consolidated with the above appeal. The U.S. Court of Appeals case number is 03-3494.

In addition to the ineffective assistance of counsel argument, the Defendant also raised the following issues in his initial appeal: (1) Whether the Government engaged in improper conduct by repeatedly using impermissible leading questions during the direct examination of its own witnesses. The Court denied this appellate issue, but did so without prejudice to the Defendant's right to bring his §2255 request before the court. *Id.* At 756. (2) Whether the trial court erred in failing to correct the Government's use of impermissible leading questions during direct examination of its own witnesses. The Court of Appeals denied this issue.

Following affirmation of the U.S. District Court Judgment, the Defendant filed his first Petition for Writ of Certiorari with the U.S. Supreme Court on December 20, 2004. The U.S. Supreme Court vacated the Judgment of the U.S. Court of Appeals and remanded the case for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). The Defendant was granted a right to file a supplemental brief by the U.S. Court of Appeals for the Eighth Circuit. The Eighth Circuit considered the case and affirmed the conviction of the Defendant.

The Defendant raised the following issues in his initial Petition for Writ of Certiorari: (1) Was the Defendant denied the effective assistance of counsel guaranteed by the Sixth Amendment based on Counsel's total failure to investigate the facts of the case, to object to the government using impermissible leading questions throughout trial, and for failure of counsel to otherwise prepare for trial? (2) Was it prosecutorial misconduct justifying a new trial when government counsel repeatedly used leading questions during direct examination of its own witnesses on substantive and not preliminary matters? (3) Did the trial court err in not acting *sua sponte* to correct the government's repeated use of leading questions in questioning its own witnesses? (4) Did the trial court err in enhancing the Petitioner's sentence on the basis of the trial court's own finding that the Petitioner used a firearm in the course of the conspiracy? (5)

Following the Eighth Circuit decision affirming the U.S. District Court, the Defendant again filed a Petition for Writ of Certiorari with the U.S. Supreme Court on April 21, 2006, and was placed in he docket of the U.S. Supreme Court on April 26, 2006, as docket number 05-10556. The Petition for Writ of Certiorari was denied on May 30, 2006. Thus, Judgment became final in this case with the U.S. Court of Appeals Judgment filed on February 27, 2006.

10. **The Defendant's Appeal:** (a.) Name of the Court: U.S. Court of Appeals for the Eighth Circuit; (b) Result: The remand from the U.S. Supreme Court resulted in affirmation of the U.S. District Court sentence and judgment; (c) Date of result: Final judgment was entered ***February 27, 2006***.

11. **Defendant's other motions or petitions:** Other than the appeal and subsequent petitions to the U.S. Supreme Court, the Defendant has filed no other petitions or motions attacking the judgment and sentence of the court.

12. **Current proceedings:** There are currently no other matters attacking the judgment and sentence of the court pending before the Eighth Circuit U.S. Court of Appeals, the U.S. Supreme Court, or this court. No §2255 motion is pending and no motion has been filed in the past before this or any other court.

13. **Attorneys:** The Defendant was initially represented by Glenn Bruder of the Public Defenders Office from ? to ?. Mr. Bruder was replaced by Mr. Barry Voss, who was privately retained. Mr. Voss represented the Defendant through trial. Upon a finding of guilt the Defendant sought to dismiss Mr. Voss. Mr. Voss was replaced very temporarily by Mr. ?, who was immediately informed that Mr. David Chapman would replace him. Mr. Chapman represented the Defendant at sentencing, and throughout his entire appeal. Mr. Chapman represents the Defendant in this §2255 motion.

14. **Other sentences:** To the best of the Defendant's knowledge, he has no future sentence to serve after completing the sentence imposed by the judgment under attack.

ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL
GROUND 1

15. The Sixth Amendment to the U.S. Constitution guarantees the Petitioner the right not only to counsel in criminal proceedings, but to effective counsel.

16. This ground was previously raised before the U.S. Court of Appeals for the Eighth Circuit. The Eighth Circuit declined to consider the issue, but invited the Defendant to raise the issue in a §2255 motion.

17. The Defendant cites to the following failures in the assistance of counsel in this matter:

a) Counsel, Barry Voss, wholly failed to hire an investigator to properly investigate the factual basis for defenses that the Defendant had provided to Mr. Voss. The Defendant provided many possible factual scenarios that would have provided the Defendant with a defense, not including the possible ties of a witness to criminal activity.

b) Mr. Voss wholly failed to subpoena records from the Internal Affairs Division of the Los Angeles Police Department that the Defendant alleges would reveal an IA investigation of officers that arrested him for alleged drug activity in 1996, which would have been admissible as impeachment evidence. The

Defendant told Mr. Voss this investigation had been carried out and Mr. Voss did nothing to secure the records.

c) Counsel failed to investigate other theories behind the case. Evidence that *someone else* committed the crime is admissible at trial, but Mr. Voss completely and abjectly failed in his responsibility to examine, pursue and present these theories.

d) Counsel wholly failed to prepare the Defendant to testify at trial, despite the Defendant's insistence that he testify, and the Defendant's eventual concession that he would not testify was not knowing, intelligent and voluntary. The Defendant felt that because Mr. Voss has done absolutely nothing to prepare the Defendant, the Defendant would be walking into cross examination blindly.

e) Both Counsel, Mr. Voss and Mr. Bruder, failed to share crucial witness statements with the Defendant, thereby thwarting the Defendant's ability to participate in his defense, as part of the right to confront and cross examine.

f) Counsel, Mr. Voss failed to file a Motion *in limine* challenging the government's admission of large quantities of narcotics into evidence, even though such a motion was warranted.

g) Counsel, Mr. Voss failed to object to the highly prejudicial leading nature of nearly every question the prosecutor asked on direct examination of his own witnesses.

h) Counsel was ineffective in not properly ensuring that verdict forms stated whether or not the jury found the Defendant had used a firearm in the course of the conspiracy.

i) Counsel was ineffective when he did not ensure that the jury was required to be concise in its verdict by determining what type of cocaine was involved in the case and the exact quantity and for failing to make a motion to partially dismiss where his failure led to seriously enhanced penalties for the Defendant.

j) Counsel was ineffective in failing to address Mr. Smith's other convictions in anticipation of a conviction where such convictions led to a higher criminal history score.

<u>RETROACTIVITY OF BOOKER</u>
<u>COUNT II</u>

18. The Defendant is entitled to Due Process of Law and Equal Protection of

the Law.

19. At Sentencing the Court determined that the Defendant had been involved in a conspiracy involving 1,912 grams of crack cocaine.

20. At Sentencing the Court determined that the Defendant had used a firearm in the course of a drug conspiracy.

21. These factors enhanced the Defendant's sentence.

22. The jury did not find either of these factors beyond a reasonable doubt.

23. The District Court was only required to find these facts by a preponderance of the evidence at sentencing.

24. The Supreme Court now requires such findings to be made by a jury, but more importantly, the law requires such findings beyond a reasonable doubt.

25. The Defendant was denied Due Process of Law by the Court's fact finding based on the preponderance of the evidence standard.

26. If the Court does not apply the reasonable doubt standard then the Defendant is denied the same protection of the law that current defendants are permitted.

## CRUEL AND UNUSUAL PUNISHMENT & DUE PROCESS
## COUNT III

27. The Constitution prohibits cruel and unusual punishment.

28. The Constitution protects the Defendant's right to Due Process of Law.

29. The Defendant was sentenced to 400 months based on a finding that the conspiracy involved crack cocaine.

30. Crack cocaine is punished at a far greater level than powder cocaine.

31. Punishment of the Defendant violated both the constitutional prohibition against cruel and unusual punishment and violated his right to due process of law.

## REMEDY

32. Under Count I, the Petitioner seeks an Order from this Court vacating the Judgment on the basis that the Defendant was denied effective assistance of counsel.

33. Under Count II the Defendant is requesting he be resentenced.

34. Under Count III the Defendant is requesting he be resentenced.

Respectfully Submitted this 23rd day of February 2007.

David J. Chapman (Attorney #05531)
Chapman Law Firm
118 Broadway, Suite 806
Fargo, ND 58102-4949
(701) 232-5899
FAX: (701) 232-6470
dchapman@americanlibertylaw.com
www.americanlibertylaw.com
Attorney for Petitioner