# United States District Court
# For The District of Minnesota

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | **Case: 0:01-cr-00267-JMR-FLN** **Civil #:07-1324 (JMR)** |
| vs. | ) | |
| RAYMOND DAMON SMITH, BOP Prisoner #20827-112 Defendant. | ) | |

## REPLY TO GOVERNMENT RESPONSE TO MOTION FOR HABEAS RELIEF PURSUANT TO 28 U.S.C. §2255

1. The Government has stated in its response that there is no need to have an evidentiary hearing. The Defendant merely wishes to bring to the attention of the Government and the Court that within the Defendant's initial motion, he made the following request:

> "The Defendant requests that following examination of this Motion that the Court Order that an evidentiary hearing be held on the allegations contained herein, and that the Court Order that pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings For the United States District Courts, the Defendant will be permitted to expand the record with new evidence. The Defendant wishes to subpoena further telephone and other records that will show his innocence and also will show that he was denied effective assistance of counsel and requests the issuance of subpoenas and time to gather evidence prior to a hearing. Supplementation of the record is important to the Defendant's presentation of the case and is in the interests of justice. The Defendant requests that ten (10) blank subpoenas be issued by the Court to allow

the Defendant to secure telephone tolls and other records needed to supplement the record."

The Government points out that the Defendant bears the burden of proving the case. Gov't Response at 6. This is correct. This is also the motivation for the Defendant's request for an evidentiary hearing and the issuance of subpoenas to allow the Defendant time to further develop the evidentiary foundation for the hearing. The Defendant has put forward his claims of ineffective assistance. If the Defendant can introduce evidence to support these claims at a contested hearing then the motion should be granted.

The Defendant wishes to reemphasize his request for ten (10) blank subpoenas and for a hearing to present any newly discovered evidence they may uncover that supports his already strong allegations of ineffective assistance of counsel. Thus, the Defendant requests that if the Court orders an evidentiary hearing that it be set to give the Defendant sufficient time to execute on subpoenas.

2. The Government also points out that deficient performance must have prejudiced the Defendant. Gov't Reply at 7. The Government reply offers that Mr. Smith is only challenging the issue of drug quantity. However, evidence Mr. Smith has uncovered through the Freedom of Information Act adds to our initial claim. ***We also challenge the nature and quality of the drug.*** To the extent that the Motion does not address this specifically, Mr. Smith amends the motion to so address this issue.

Mr. Voss did not challenge the nature or the quality of the drugs . Evidence obtained through the Freedom of Information Act by Mr. Smith shows that the controlled substance for which he was charged contained "baking soda" or $NaHCO_3$. *See* App. at 42. The presence of baking soda would be very relevant in the issue of sentencing given the disparity of sentencing ranges between crack cocaine, which is smoked, and powder cocaine, which is inhaled.

Baking soda is not a flammable substance and is commonly used in dry chemical fire extinguishers. The difference in sentence based on the ability to burn the substance tested could be very significant. Mr. Voss's failure to challenge the smokability can seriously impact the base level for this offense. In this case the base level was 38, but if 19 kilograms of cocaine were involved then the base level would be 34. This would render a sentence of 210-262 months, or 17.5-21.8 years. The court sentenced Mr. Smith to 400 months based on a departure from the low end of the level 38 guidelines, which carries a 324-405 month term. The failure to raise the issue of "smokable" versus "non-smokable" drug deprived the Court of the opportunity to hear Government or Defense experts flesh out the issues that would later become very important in sentencing. Thus, it is not only quantity, but quality that is in issue. Failure of counsel at trial to push factual determinations on the nature of the drug as smokable or not caused the Court to work off a base level for the offense that may possibly have been 114 months too high. This evidence has been discovered because of Mr. Smith's

dogged determination in his FOIA request, which he actually pursued in District Court because the Government decided not to cooperate with his request.

The failure of Mr. Voss to push for testing of the drugs or to push for the results of testing caused a serious failure in the defense. No experts were called by Mr. Voss. Calling experts on the smokability of the drug would have been very significant considering the jury was presented with verdict forms dubbing the substances "crack" cocaine. This finding by the jury caused the Court to operate at a higher base level for the offense. This is ineffective assistance any way you examine the issue. It is certainly within the bounds of ineffective assistance argued within our original brief.

As a side note, if Mr. Smith has discovered this through dogged determination, what else is lurking out there that would be of assistance to the Court? This is the reason we need an evidentiary hearing and issuance of subpoenas. Mr. Smith is adamant about his innocence after all this time. His FOIA evidence proves there is more out there than simply a Defendant who does not like his sentence. Mr. Smith deserves his evidentiary hearing and the subpoenas.

3. The Defendant also supplements his prior claims with an additional claim. The Defendant alleges that Counsel was deficient in not requesting a cross racial charge to the jury. *See State v. Cromedy*, 727 A.2d 457, 461 (*stating* that "eyewitnesses are superior at identifying persons of their own race and have difficulty identifying members of another

race.") (*citing* Gary L. Wells & Elizabeth F. Loftus, *Eyewitness Testimony: Psychological Perspectives* 1 (1984) and Elizabeth F. Loftus, *Eyewitness Testimony* (1979)). Even the U.S. Supreme Court has hinted that eyewitness identification is more reliable when made by someone of the same race as the perpetrator. *See Manson v. Brathwaite*, 432 U.S. 98 (1977). It appears the 8th Circuit has not specifically addressed such a charge to the jury and so this would be a case of first impression.

Eyewitness identification is notoriously unreliable. However, eyewitness identification across racial lines is completely unreliable. Although counsel was not at trial in this matter, Counsel is informed that Darnell Toney is the only person with African American heritage and he is only half African American. The other witnesses are of different races. In this case the eyewitness identification was really all the concrete evidence the government had putting Mr. Smith in the middle of the conspiracy. As in *State v. Cromedy*, 727 A.2d 457, there was no concrete physical proof of his involvement. There were no fingerprints, no photos, no recordings, no buy money found in his possession, or any other piece of evidence. Thus, counsel should have anticipated that eyewitness identification would be crucial to conviction or acquittal. Counsel should have pushed for a charge to the jury that made clear that the jury could take the eyewitness identification at face value, but that such identification has an aspect of unreliability when you cross racial lines. To not do so was ineffective assistance of counsel.

## CONCLUSION

For all of the foregoing reasons in this response, the Defendant respectfully requests the Court grant him an evidentiary hearing and that the Court issue the subpoenas for the Defendant to continue his investigation.

Respectfully Submitted this 13th day of June 2007.

______________________________

David J. Chapman (Attorney #05531)
Chapman Law Firm
118 Broadway, Suite 806
Fargo, ND 58102-4949
(701) 232-5899
FAX: (701) 232-6470
dchapman@americanlibertylaw.com
www.americanlibertylaw.com
Attorney for Petitioner